UNITED STATES of America, Plaintiff-Appellee,

v.

Huey Dale JOHNSON, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Huey Dale JOHNSON, Defendant-Appellant.

Nos. 75–2374, 75–2375.

United States Court of Appeals, Fifth Circuit.

June 7, 1976.

Rehearing Denied July 19, 1976.

J. William Fleming, Shreveport, La. (Court-appointed), for defendant-appellant.

Donald E. Walter, U. S. Atty., Paul Lynch, Asst. U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before GEWIN, COLEMAN and GOLDBERG, Circuit Judges.

PER CURIAM:

These consolidated cases present for review the convictions, in separate jury trials,[1] of Huey Dale Johnson on various charges growing out of events occurring on October 3–5, 1974, in Shreveport, Louisiana. We affirm.

Briefly summarized, the government's evidence in the two trials clearly established that on October 3, Johnson and Jimmie Traylor participated in the theft of some Social Security checks from a mail truck. They enlisted the aid of Traylor's sister to cash one of the checks, but the attempt aborted when a clerk, realizing that the check had been stolen, tried to contact the police. On October 4, Samuel Kelly advised investigators that he had seen Johnson, Traylor, and Traylor's sister together on the previous day with a number of distinctive brown envelopes. That night, Johnson and Traylor accosted Kelly and accused him of "snitching" to the police. Traylor struck Kelly in the mouth and then hit him on the side of the head with a sawed-off shotgun. When Kelly grabbed the barrel of the shotgun, Johnson pulled out a handgun and told him to "turn it loose," at which point Kelly fled; he heard pistol shots being fired behind him. The following day, Johnson, upon see Kelly alighting from a car, pulled a pistol and fired two shots, which struck the automobile. Johnson was arrested on October 24, and a pistol was seized.

In No. 75–2375, which we will refer to as the mail case, Johnson and Traylor were charged as co-defendants in a three-count indictment alleging obstruction of correspondence, 18 U.S.C. § 1702, mail theft, 18 U.S.C. § 1708, and forgery of a United States Treasury check, 18 U.S.C. § 495. Traylor pleaded guilty to the mail theft count. Johnson was found guilty by a jury on all three counts, and was sentenced to consecutive terms of imprisonment.

In No. 75–2374, which will be referred to as the obstruction case, Johnson was charged by separate indictment with two counts of obstruction of justice, 18 U.S.C. § 1510, and one count of unlawful possession of a firearm, 18 U.S.C. App. § 1202(a); on motion of the government, the firearm charge was dismissed. The jury convicted Johnson on the remaining two counts, and he was sentenced to prison terms on both, to run consecutive to each other and to the sentence imposed in the mail case.

Johnson contends that the admission into evidence in the mail case of the shotgun and of testimony concerning the attempts on Kelly's life constitutes reversible error. In the obstruction case, he alleges the following errors: the admission of the pistol seized when Johnson was arrested;[2] the

1. Originally, the court granted a prosecution motion to consolidate for trial the two cases against Johnson. Shortly thereafter, however, the cases were severed at the request of the defense because of lack of time to prepare the second case.

2. Appellant also contends that the court refused to conduct an inquiry, outside the presence of the jury, into the relevancy of the weapon and the lawfulness of its seizure. The record shows however, that both matters were in fact taken up in the jury's absence. Samuel Kelly testified concerning the use of the pistol during the first shooting incident, and government counsel described the circumstances of the arrest and seizure and offered to present the testimony of the arresting officers who discovered the gun. The Court ruled that the arrest, search and seizure were lawful and that the pistol was relevant and admissible.

failure to delete from the indictment the third count, which had been dismissed, before presenting it to the jury; and prejudicial publicity, based on a newspaper article concerning the mail trial convictions, which appeared during the obstruction trial. We have carefully reviewed the records, and the contentions of the parties in their briefs and at oral argument. The government's evidence against appellant Johnson in both cases was strong, clear, and convincing, if not in fact overwhelming; these are cases in which the "record fairly shrieks the guilt" of the defendant. *Lutwak v. United States,* 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593, 604 (1953). We are convinced beyond doubt that Johnson received a fair trial and that no reversible error was committed. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

AFFIRMED.